The opinion of the Court was delivered by
Wardlaw, J.
Iir this case we approve of the instructions of the presiding Judge. The case of Bacot vs. Parnell, 2 Bail. 424, which has never been questioned, explicitly decides that where a slave hired for a year dies during the term, the owner is entitled to receive, and the hiree is bound to pay, so much of the hire only as accrued before the contract was determined by the act of God. The same point had been determined previously, in Riply vs. Wightman, 4 McC. 447, where the subject was a house leased, rendered untenantable by a storm. The death, of a being is always the act of God, even when it may be caused proximately by the negligence or misconduct of a human agent. When a slave hir.ed dies *71 during the term, the hire must be apportioned, although the contract has the incidents of an entire contract, on the maxim that the act of Grod shall work injury to no man. If the death be occasioned by defective care or by violence on the part of the bailee, notwithstanding the hire should be apportioned, the bailee is responsible for the value of the bailment, and all the loss resulting proximately from his misconduct. In this case the plaintiff had recovered from the defendant in a previous action on the case, for the loss of the slave, while in the service and through the negligence of defendant; and there is no proof that in their estimate of damages, the jury did not consider, as they certainly might, the loss of the hire. It is very questionable whether we have any right to inquire whether in actual truth this jury did look to the hire in their ascertainment of damages; for the doctrine of res judicata estops parties and privies from bringing again into controversy not only matters which were really determined, but all matters as to which the opportunity of determination was fairly presented in the former litigation.
Ordered that the appeal be dismissed.
O’Neall, O. J., and Johnstone, J., concurred.

Motion refused.